**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:26-CV-00457-KDB-DCK**

| | |
|---|---|
| LISA ANTOINE, **Plaintiff,** v. ANDREA L. ANTOINE, CHERRY D. CRISP, AND LILLIES PLACE LLC, **Defendants.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2). For the reasons discussed below, the Court will GRANT the Motion for the limited purpose of conducting an initial review but DISMISS Plaintiff's Complaint without prejudice after conducting that review.

**I.      Plaintiff's Motion to Proceed IFP**

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that he is unable to pay the costs of a lawsuit." *Id*. In her IFP motion, Plaintiff states that she is homeless and has limited income. Also, her expenses (which she does not list beyond rent) almost certainly exceed her income. Thus, the Court finds that she does not have assets that would allow her to pay for these proceedings. *See* Doc. No. 2.

1

Based on these representations, the Court will conditionally grant the motion and permit Plaintiff to proceed IFP solely for the limited purposes of this initial review.

## II.     Initial Review

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The federal courts are courts of limited jurisdiction and may exercise only that jurisdiction which Congress has prescribed. *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Therefore, whether the Court has jurisdiction over the subject matter of a case must be considered before addressing its merits. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Hemphill v. Bernard*, No. 3:24-CV-00286-KDB-SCR, 2024 WL 3761274, at *1 (W.D.N.C. Aug. 12, 2024).

Unless a matter involves one of the few areas over which federal courts have exclusive jurisdiction, a district court has subject matter jurisdiction over a case only where the matter involves a federal question arising "under the Constitution, laws or treaties of the United States,"

28 U.S.C. § 1331 ("federal question jurisdiction"), or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1) ("diversity jurisdiction"). *See Piedmont Roofing Servs., LLC v. Universal Prop. & Cas. Ins. Co.*, No. 522CV00154KDBDSC, 2023 WL 196461, at \*2 (W.D.N.C. Jan. 17, 2023).

Plaintiff alleges that the Court has jurisdiction under its "federal question" jurisdiction, 28 U.S.C. § 1331; however, the specific nature of Plaintiff's claims and how each Defendant relates to the claims are unclear to the Court. More significantly, the Court cannot identify any basis for a claim under federal law sufficient to allow the Court to exercise federal question jurisdiction. Therefore, the Court finds that Plaintiff's Complaint fails a frivolity review and must be dismissed without prejudice because the Court lacks jurisdiction to hear this action.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's IFP motion (Doc. No. 2) is **GRANTED** for purposes of this Order**;**

2. Plaintiff's Complaint is **DISMISSED** without prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 19, 2026

Kenneth D. Bell
United States District Judge

3